UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS ARMANDO ORTEGA,

Plaintiff,

v.

PATRICK CORSO, et al.,

Defendants.

Case No. 17-cv-03339-HSG (PR)

**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND**

Plaintiff, an insanity acquittee housed at Napa State Hospital and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at the Santa Clara County Jail ("SCCJ"), where he was housed as a post-arraignment pretrial detainee at various intervals between 2007 and 2012. The Court reviewed his complaint and dismissed it on the ground that there were a wide variety of claims that were improperly joined, in violation of Federal Rule of Civil Procedure 20(a). The Court gave plaintiff leave to amend. Plaintiff has filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the Court dismisses the amended complaint with further leave to amend.

**DISCUSSION**

**A. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

In his amended complaint, plaintiff alleges that he was denied due process in connection with various disciplinary infractions and/or rule violation procedures. A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *Bell v. Wolfish*, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature). Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). The *Wolff* procedural protections include written

2

notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff*, 418 U.S. at 564-67.

If the alleged deprivation does not amount to punishment, a pretrial detainee's due process claim is not analyzed under *Sandin v. Conner*, 515 U.S. 474 (1995), which applies to convicted prisoners, but rather under the law as it was before *Sandin*. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1041 n.3 (9th Cir. 2002). The proper test to determine whether detainees have a liberty interest is that set out in *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Under those cases, a state statute or regulation creates a procedurally protected liberty interest if it sets forth "'substantive predicates' to govern official decision making" and also contains "explicitly mandatory language," i.e., a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met. *Thompson*, 490 U.S. at 462-63 (quoting *Hewitt*, 459 U.S. at 472).

If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which the interest could arise, no procedural due process claim is stated and the claim should be dismissed. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976) (interests protected by due process arise from Due Process Clause itself or from laws of the states).

There are several problems with plaintiff's due process claims. First plaintiff has not stated what sanctions were imposed upon him as a result of the rule violation proceedings. Further, assuming the proceedings resulted in discipline that amounted to punishment, plaintiff does not allege that he was deprived of any of the procedural protections to which he was entitled under *Wolff*. Third, even if the alleged deprivation did not amount to punishment, plaintiff does not identify: (1) any specific state statutes or regulations, (2) what procedurally protected liberty interest(s) they created, and (3) how they were not met. Finally, as with the original complaint, the amended complaint lacks detail as to each defendant's individual involvement in the alleged due process violations. Plaintiff again names a long list of defendants but does not identify their individual roles in the disciplinary proceedings.

Leave to amend will be granted so that plaintiff will have one last chance to attempt to

allege his claims. In his second amended complaint, plaintiff must specifically identify what each named defendant did or did not do with regard to each separate rule violation proceeding. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). For example, did the defendant write up plaintiff's rules violation report, preside over his disciplinary hearing, deny plaintiff's request for a witness, or participate in some other way (which must be spelled out with specificity in the complaint)? Plaintiff should also provide dates to the extent possible.

Plaintiff is reminded that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's amended complaint is DISMISSED with further leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file a SECOND AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 17-3339 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. **Failure to file a second amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is advised that a second amended complaint supersedes the original complaint and first amended complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior

4

1 complaints by reference. Defendants not named in an amended complaint are no longer
2 defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

    4.    The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 12/29/2017

*[signature: Haywood S. Gilliam Jr.]*
HAYWOOD S. GILLIAM, JR.
United States District Judge