UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA, Plaintiff, v. PATRICK CORSO, et al., Defendants. | Case No. 17-cv-03339-HSG (PR) **THIRD ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

# INTRODUCTION

On June 9, 2017, plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at the Santa Clara County Jail ("SCCJ"), where he was previously incarcerated. Plaintiff's original complaint and first amended complaint were both dismissed with leave to amend. Plaintiff's second amended complaint ("SAC") is now before the Court for review pursuant to 28 U.S.C. §1915A.

# DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

According to the SAC, plaintiff was denied due process in connection with inmate rules violation procedures arising out of two disciplinary infractions. The first infraction took place on May 7, 2007 and involved plaintiff "gassing" an SCCJ correctional officer.[1] The second infraction took place on September 4, 2007 and involved plaintiff assaulting two SCCJ correctional officers. Plaintiff alleges that he was disciplined for these infractions without receiving copies of the incident reports and without receiving a rules violation hearing. Liberally construed, the SAC states a claim for due process violations by someone. The SAC has a defendant problem, however. Plaintiff names twenty-two defendants. Some he identifies as the officers who were the subject of his assaults or otherwise witnessed the assaults. Others he identifies as SCCJ classification officers and supervisory officials. For purposes of his due process claim, plaintiff must identify the person or persons responsible for providing him with copies of the above-

---

[1] Separately filed exhibits show that plaintiff was charged with "gassing" after throwing urine at the correctional officer. *See* dkt. no. 8 at 36-37.

referenced incident reports and responsible for providing him with a rules violation hearing. A copy of the SCCJ Policy and Procedure Manual submitted by plaintiff indicates that such person would be the "Hearing Officer," which is defined as "[a] Sergeant or Lieutenant designated by the Division Captain." *See* dkt. no. 8 at 57. Thus plaintiff should name his Hearing Officer(s) as the defendant(s). If he never received a Hearing Officer, he should name his Division Captain(s) as the defendant(s). The Court will set a deadline for a third amended complaint that will allow plaintiff sufficient time to investigate and name the proper defendant(s) if he does not yet have that information. The burden remains on plaintiff to identify the proper defendant(s); the court will not undertake to investigate this information for him.

Plaintiff also attempts to bring three claims for excessive force. The claims are DISMISSED because they are unrelated in both law and fact to plaintiff's due process claims. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff alleges that he was entitled to written reports and hearings following use of excessive force by SCCJ correctional officers. However, according to the SAC, the alleged incidents did not arise out of any rule violation or disciplinary infraction committed by plaintiff and thus did not vest him with due process procedural protections. If plaintiff wishes to pursue his excessive force claims, he may file a separate civil rights action.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's excessive force claims are DISMISSED without prejudice to bringing them in a separate civil rights action.

2. Plaintiff's due process claims are DISMISSED with further leave to amend to name the proper defendant(s). If plaintiff can cure the pleading deficiencies described above, he shall file a THIRD AMENDED COMPLAINT within **sixty (60) days** from the date this order is filed. The third amended complaint must include the caption and civil case number used in this order (C 17-3339 HSG (PR)) and the words THIRD AMENDED COMPLAINT on the first page. **Failure to file a third amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is advised that a third amended complaint supersedes the prior complaints. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaints by reference. Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 4/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

4