UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA, Plaintiff, v. PATRICK CORSO, et al., Defendants. | Case No. 17-cv-03339-HSG (PR) **ORDER OF DISMISSAL** |

On June 9, 2017, plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations at the Santa Clara County Jail ("SCCJ"), where he was previously held as a pretrial detainee. Plaintiff's original complaint and first amended complaint were both dismissed with leave to amend for failure to state a claim. On April 23, 2018, the Court reviewed plaintiff's second amended complaint ("SAC") and found that it stated a due process claim in connection with inmate rules violation procedures arising out of two disciplinary infractions at SCCJ. Plaintiff alleged that he was disciplined for these infractions without receiving copies of the incident reports and without receiving a rules violation hearing. However, the SAC named twenty-two defendants and failed to link one or more specific defendants to the due process claim. Plaintiff was given further leave to amend to file a third amended complaint ("TAC") identifying the person or persons, such as a hearing officer or division captain, responsible for providing him with copies of the incident reports and responsible for providing him with a rules violation hearing.

Plaintiff twice requested an extension of time to file his TAC, stating that he needed additional time to investigate and name the proper defendants. In his second request for an

extension, plaintiff specifically stated that he had served a subpoena in an attempt to identify the proper defendants. *See* Dkt. No. 17. Both extension requests were granted. Dkt. Nos. 16, 18.

Plaintiff filed his TAC on June 25, 2018. Dkt. No. 19. The TAC still does not identify a defendant responsible for the alleged due process violations. Indeed, rather than paring down the number of defendants, plaintiff now names twenty-six defendants and merely states that the "sergeant hearing officer" and "classification team officers" are "unknown." *See id.* at 9, 12, 20. Many of the defendants are connected to claims that were previously dismissed as unrelated in both law and fact to plaintiff's due process claims.

Accordingly, this case is DISMISSED because the TAC fails to state a cognizable claim for relief against any defendant. Further leave to amend will not be granted because plaintiff has been given multiple opportunities to amend, and he has been unable or unwilling to correct the deficiencies identified by the Court in his pleadings. However, dismissal is without prejudice to filing a new action if plaintiff is successful in identifying the specific defendant(s) responsible for the alleged due process violations.

The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 10/12/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge